[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10673
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-01103-BJD-JBT

ROBERT CRAIG MACLEOD,

Plaintiff-Appellant,

versus

RAUL A. ZAMBRANO,
Honorable Chief Judge of the Seventh Judicial Circuit of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 11, 2019)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Robert Craig Macleod, proceeding pro se, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 complaint against Judge Raul A. Zambrano of the Seventh Judicial Circuit of Florida for lack of subject matter jurisdiction. Macleod's complaint challenged the state court's entry of an order declaring him a vexatious litigant and subjecting his filings to various restrictions. Macleod argues that the district court erred in dismissing his case, and that Judge Zambrano is not entitled to judicial immunity. After review, we affirm.

We review de novo a district court's finding that it lacks subject matter jurisdiction. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). The *Rooker-Feldman* doctrine is a jurisdictional rule that precludes federal district courts from exercising appellate jurisdiction over final state court judgments. *Nicholson v. Shaffe*, 558 F.3d 1266, 1268 (11th Cir. 2009). The Supreme Court has explained that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1522 (2005). The doctrine applies both to claims already adjudicated by a state court and those claims "inextricably intertwined" with a state court's judgment. *Casale*, 558 F.3d at 1260. A claim brought in federal court is "inextricably intertwined" with a state court judgment if

2

it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Id.* The doctrine does not apply "where a party did not have a reasonable opportunity to raise his federal claim in state proceedings." *Id.* (internal quotation marks omitted).

Macleod sought to have the district court review—and nullify—the state court's order declaring him a vexatious litigant and subjecting him to various filing restrictions. Under the *Rooker-Feldman* doctrine, the district court did not have jurisdiction to consider Macleod's § 1983 complaint. Macleod is a "state-court loser" who complains of the injuries caused by the state court's order and seeks the district court's rejection of that judgment. *See Exxon Mobil Corp.*, 544 U.S. at 284, 125 S. Ct. at 1522. Macleod's claims are "inextricably intertwined" with the state court judgment because his case "succeeds only to the extent that the state court wrongly decided the issues." *See Casale*, 558 F.3d at 1260. Further, Macleod had a "reasonable opportunity to bring his federal claim in state proceedings" because, under the vexatious litigant order, he was still allowed to file a claim in state court if he was represented by counsel and paid fees. *See id.* Because the district court lacked jurisdiction to consider Macleod's claim, we need not address whether Judge Zambrano was entitled to judicial immunity. Accordingly, we affirm.

**AFFIRMED.**